**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as assignee and subrogee of Parkdale, Incorporated and U.S. Cotton, LLC, <br><br> Plaintiff, <br><br> v. <br><br> REBECCA BRADSHAW, OMAR NEGRON and ANGEL DAVID ROSEN d/b/a AFFORDABLE PALLET, <br><br> Defendants. | No.: 1:24-cv-937 |

**PLAINTIFF'S CIVIL ACTION COMPLAINT**

Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., as assignee and subrogee of Parkdale, Incorporated and U.S. Cotton, LLC, by and through its attorneys, files a Complaint against Defendants, Rebecca Bradshaw, Omar Negron and Angel David Rosen d/b/a Affordable Pallet (collectively, "Defendants"), and in support thereof avers the following:

**PARTIES**

1.      Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), is an insurance company formed and existing in accordance with the laws of the Commonwealth of Pennsylvania, with a principal place of business located at 1271 Avenue of the Americas, Floor 37, New York, New York 10020.  Accordingly, National Union is a citizen of both Pennsylvania and New York for diversity jurisdiction purposes.

2.      Defendant, Rebecca Bradshaw ("Bradshaw"), a citizen of the State of Ohio, is an individual person who resides at 3605 Cecilia Avenue, Cleveland, Ohio 44109.

3.      Defendant, Omar Negron ("Negron"), a citizen of the State of Ohio, is an individual person who resides at 4405 Sky Lane Drive, Cleveland, Ohio 44109.

1

4. Defendant, Angel David Rosen ("Rosen"), a citizen of the State of Ohio, is an individual person who resides at 4506 Clark Avenue, Cleveland, Ohio 44102.

5. At all relevant times hereto, Rosen conducted business in the name of Affordable Pallet.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1332.

7. Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the Defendants reside in this district and a substantial part of the events giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

8. U.S. Cotton, LLC ("USC"), a subsidiary of Parkdale, Incorporated ("Parkdale"), is a health and beauty products manufacturer with a facility located in Cleveland, Ohio.

9. Until April, 2021, Bradshaw was employed by USC as Warehouse Lead at USC's facility located in Cleveland, Ohio.

10. As Warehouse Lead, Bradshaw was responsible for ordering pallets for use in USC's warehouse and confirming that pallet deliveries received by USC were accurate.

11. Until June, 2020, Negron was employed by USC as a warehouse employee at USC's facility located in Cleveland, Ohio.

12. As a warehouse employee, Negron was responsible for unloading pallet deliveries and confirming that pallet deliveries received by USC were accurate.

13. From August, 2014 through April 2021, Bradshaw, in her role as Warehouse Lead for USC, ordered hundreds of thousands of pallets from Rosen.

14. The pallets Bradshaw ordered were in excessive quantities and far more than USC actually needed.

15. Rosen purportedly delivered the pallets to USC's facility and provided fraudulent delivery tickets to Bradshaw and Negron at the time of delivery indicating that he delivered far more pallets than he had actually delivered.

16. In many cases, the fraudulent delivery tickets represented that a full truckload of pallets was delivered, when in reality Rosen had delivered only a partial truckload or no pallets at all.

17. Bradshaw and Negron approved the delivery tickets submitted by Rosen, thereby representing to USC that the amount of pallets indicated on the delivery ticket actually had been delivered to USC.

18. Based on the approval of Bradshaw and Negron, USC issued payment for pallets that it never received.

19. Upon receiving payment pursuant to the false delivery tickets, Rosen provided kickbacks to Bradshaw and Negron in the form of cash.

20. Because Bradshaw and Negron were charged with ordering pallets and confirming pallet deliveries, the Defendants were able to conceal their scheme from USC for several years until USC discovered the scheme on June 23, 2021.

21. In total, the Defendants' fraudulent conduct caused damages of no less than $4,956,267 to USC.

22. Despite demand, Defendants have not returned any portion of the $4,956,267 misappropriated from USC.

3

23. National Union issued a policy of insurance (No. 02-842-68-22) (the "Policy") to Parkdale in which National Union agreed to insure Parkdale and its subsidiaries, including USC, for losses sustained due to employee dishonesty.

24. Pursuant to the Policy, National Union indemnified Parkdale and USC for the losses sustained as a result of Defendants' fraud.

25. As a result of indemnifying Parkdale and USC, National Union has become subrogated to Parkdale and USC.

26. Additionally, Parkdale and USC assigned to National Union all of the rights, claims and causes of action that they have against Defendants and others related to Defendants' scheme.

## COUNT I
### FRAUD
**National Union v. Defendants**

27. National Union repeats and realleges the above allegations as if set forth herein.

28. By submitting fraudulent delivery tickets to USC, Rosen represented to USC that he delivered the amount of pallets indicated on the delivery tickets.

29. By approving Rosen's fraudulent delivery tickets, Bradshaw and Negron represented that the amount of pallets indicated on the delivery tickets actually had been delivered to USC by Rosen.

30. Defendants' representations were material and false because Rosen delivered far fewer pallets to USC than were indicated on the fraudulent delivery tickets.

31. Defendants' representations regarding the fraudulent delivery tickets were made with the intent to mislead USC into relying upon them.

32. USC did rely upon the representations of Defendants when it issued payment in the amount of $4,956,267 for pallets that it never received.

33. Defendants' conduct was wanton and willful and committed with actual malice.

34. As a result of Defendants' fraud, USC, and thus National Union, suffered a loss in the principal amount of $4,956,267 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $4,956,267, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT II
### CONVERSION
### National Union v. Defendants

35. National Union repeats and realleges the above allegations as if set forth herein.

36. USC was the rightful possessor and owner of $4,956,267.

37. Without USC's consent and without lawful justification, Defendants deprived USC of its rightful possession and ownership of $4,956,267 by submitting fraudulent delivery tickets to USC and inducing USC to pay $4,956,267 for pallets that it never received.

38. Despite demand, Defendants have not returned the $4,956,267 that they converted.

39. Defendants' actions were wanton, willful and committed with actual malice.

40. As a result of Defendants' actions, USC, and thus National Union, suffered a loss in the principal amount of $4,956,267 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $4,956,267,

together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**National Union v. Bradshaw and Negron**

41.     National Union repeats and realleges the above allegations as if set forth herein.

42.     As employees with the responsibility to order and to confirm the delivery of pallets on behalf of USC, Bradshaw and Negron owed a fiduciary duty to USC to act in USC's best interests and to refrain from stealing from USC.

43.     Bradshaw and Negron breached their fiduciary duty owed to USC by ordering far more pallets than were needed by USC, by falsely confirming the delivery of pallets that never were received by USC, and y conspiring with Rosen to defraud USC.

44.     The actions of Bradshaw and Negron were wanton, willful and committed with actual malice.

45.     As a result of the actions of Bradshaw and Negron, USC, and thus National Union, suffered a loss in the principal amount of $4,956,267 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Bradshaw and Negron, jointly and severally, for compensatory damages in the amount of $4,956,267, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

6

## COUNT IV
### CIVIL CONSPIRACY
### National Union v. Defendants

46.     National Union repeats and realleges the above allegations as if set forth herein.

47.     Defendants acted in malicious combination to defraud USC.

48.     Defendants agreed that Rosen would submit false delivery tickets to USC representing that he delivered far more pallets than he actually had delivered.

49.     Defendants further agreed that Bradshaw and Negron would approve the false delivery tickets to induce USC to issue payment, and that Defendants would share the funds obtained through the overpayments made by USC.

50.     Rosen committed the unlawful act of submitting false delivery tickets to USC and Bradshaw and Negron committed the unlawful act of approving delivery tickets that they knew were overstated.

51.     Defendants' actions were wanton, willful and committed with actual malice.

52.     As a result of Defendants' actions, USC, and thus National Union, suffered a loss in the principal amount of $4,956,267 and is entitled to an award of punitive damages in addition to compensatory damages.

**WHEREFORE**, Plaintiff, National Union, demands judgment in its favor and against Defendants, jointly and severally, for compensatory damages in the amount of $4,956,267, together with punitive damages, interest, costs and all further relief that the Court determines to be appropriate.

## COUNT V
### UNJUST ENRICHMENT
### National Union v. Defendants

53.     National Union repeats and realleges the above allegations as if set forth herein.

7

54. Defendants obtained a benefit from USC in the total amount of $4,956,267 through their participation in the above-referenced fraudulent delivery ticket scheme and receipt of the overpayments made by USC pursuant thereto.

55. Defendants knowingly accepted said benefit.

56. Despite demand for repayment, Defendants have retained said benefit by not returning $4,956,267 to USC or National Union.

57. It is inequitable and unjust for Defendants to continue to retain the benefit that they received, $4,956,267, without disgorging such benefit.

 **WHEREFORE,** Plaintiff, National Union, demands judgment in its favor and against the Defendants for compensatory damages in the amount of $4,956,267, together with interest, costs and all further relief that the Court determines to be appropriate.

**McELROY, DEUTSCH, MULVANEY &
CARPENTER, LLP**

By:    /s/ Matthew A. Lipman
       Matthew A. Lipman, Esquire
       1617 JFK Boulevard, Suite 1500
       Philadelphia, Pennsylvania 19103-1815
       Telephone:  (215) 557-2900
       Facsimile:   (215) 557-2990
       mlipman@mdmc-law.com
       *Attorneys for Plaintiff, National Union*
       *Fire Insurance Company of Pittsburgh, Pa.*

Dated:  May 29, 2024