IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,** as assignee and subrogee of Parkdale, Incorporated and U.S. Cotton, LLC, | CASE NO. 1:24-cv-00937-PAB<br><br>JUDGE PAMELA A. BARKER |
| **Plaintiff,** | |
| -vs- | **MEMORANDUM OPINION AND ORDER** |
| **REBECCA BRADSHAW, OMAR NEGRON and ANGEL DAVID ROSEN d/b/a AFFORDABLE PALLET,** | |
| **Defendants.** | |

This matter comes before the Court upon Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.'s ("Plaintiff" or "National Union") Motion for Entry of Default Judgment ("Motion") against Defendant Rebecca Bradshaw ("Defendant" or "Bradshaw"). (Doc. No. 17.) In its Complaint, Plaintiff asserts claims for fraud, conversion, breach of fiduciary duty, civil conspiracy, and unjust enrichment against Bradshaw, Defendant Omar Negron ("Negron"), and Defendant Angel David Rosen d/b/a Affordable Pallet ("Rosen") (collectively, "the Defendants"). (Doc. No. 1.) Plaintiff now seeks default judgment against Bradshaw in the principal amount of $4,956,267 plus costs of $405 for the filing of its Complaint in this matter. (Doc. No. 17 at PageID #75.) Bradshaw has not responded to Plaintiff's Motion. For the following reasons, Plaintiff's Motion is GRANTED.

I. **Background**

   A. **Procedural History**[1]

Plaintiff filed the instant action on May 29, 2024 against Defendants Bradshaw, Negron, and Rosen. (Doc. No. 1.) Plaintiff sets forth five claims in its Complaint: Count 1, Fraud; Count 2, Conversion; Count 3, Breach of Fiduciary Duty; Count 4, Civil Conspiracy; and Count 5, Unjust Enrichment. (*Id.* at ¶¶ 27–45.) Plaintiff seeks judgment against the Defendants, jointly and severally on Counts 1 through 4 of the Complaint, for compensatory damages in the amount of $4,956,267, together with punitive damages, interest, costs, and all further relief that the Court determines to be appropriate. (*Id.* at PageID #5–8.)

On May 30, 2024, the Clerk of Court issued the original summons to Plaintiff's counsel for service upon the Defendants. (Doc. No. 3.) On July 17, 2024, Plaintiff filed proof of service demonstrating that Bradshaw was served with the summons and Complaint on June 27, 2024, by leaving the documents at her residence with Melvin Bradshaw, her husband and co-resident of suitable age and discretion. (Doc. No. 4.) Following the service on June 27, 2024, Bradshaw was required to file her Answer or otherwise respond to Plaintiff's Complaint no later than July 18, 2024. Fed. R. Civ. P. 12(a). To date, no responsive pleading has been filed or served.

On July 22, 2024, Plaintiff applied for an entry of default against Bradshaw.[2] (Doc. No. 6.) The same day, the Clerk entered default against Bradshaw. (Doc. No. 7.) On August 22, 2024, this Court issued an Order to Show Cause ordering Plaintiff to file a Motion for Default Judgment against

---

[1] This Opinion does not set forth an exhaustive summary of all of the procedural history in this case, but instead sets forth a general overview of the relevant procedural history as necessary for resolution of the current Motion.
[2] Plaintiff's filing also included a request for entry of default against Negron, which was initially granted but later vacated following Negron's counsel's appearance. (Doc. No. 10.)

2

Bradshaw within 30 days or otherwise show cause why Bradshaw should not be dismissed without prejudice.³ (Doc. No. 12.)

On September 17, 2024, Plaintiff filed the instant Motion for Entry of Default Judgment against Bradshaw.⁴ (Doc. No. 17.) The Motion included an affidavit in which Affiant Heather L. Leibowitz, a product lead for National Union, averred that damages in the amount of $4,956,267 had been incurred. (Doc. No. 17-2.) On September 24, 2024, this Court issued an Order requiring Plaintiff to supplement its Motion with financial records or other supporting documentation substantiating this damages amount, and ordering Bradshaw to file her reply brief, if any, within 30 days of Plaintiff's supplemental filing.⁵ (*See* ECF 9/24/2024 Entry.)

On September 25, 2024, Plaintiff filed its Supplemental Brief in Support of its Motion ("Supplemental Brief").⁶ (Doc. No. 19.) Plaintiff's Supplemental Brief included the notification of claim submitted by its insured client U.S. Cotton, LLC ("USC") (Doc. No. 19-1), a forensic accounting report prepared by Grant Thornton LLP quantifying USC's loss ("Loss Report") (Doc. No. 19-2), and the assignment and release of rights between Plaintiff, USC, and USC's parent company, Parkdale, Incorporated ("Parkdale") (Doc. No. 19-3).

Following the filing of Plaintiff's Supplemental Brief, Bradshaw was required to file her reply brief, if any, by October 25, 2024. (*See* ECF 9/24/2024 Entry.) To date, Bradshaw has not responded to Plaintiff's Motion or Supplemental Brief.

---

³ Copies of the Default Entered and Order to Show Cause were mailed to Bradshaw on September 17, 2024. (*See* ECF 9/17/2024 Entry.)
⁴ Plaintiff indicated that a copy of its Motion was mailed to Bradshaw via First Class Mail. (Doc. No. 17 at PageID #76.)
⁵ A copy of this Court's non-document Order was mailed to Bradshaw. (*See* ECF 9/24/2024 Entry.)
⁶ Plaintiff indicated that a copy of its Supplemental Brief was mailed to Bradshaw via First Class Mail. (Doc. No. 19 at PageID #93.)

3

B.     Factual Allegations[7]

The Complaint sets forth the following allegations. Plaintiff is an insurance company that issued a policy of insurance (the "Policy") to Parkdale in which Plaintiff agreed to insure Parkdale and its subsidiaries for losses sustained due to employee dishonesty. (Doc. No. 1, Compl. ¶¶ 1, 23.) USC is a subsidiary of Parkdale. (*Id.* at ¶ 8.)

Bradshaw was employed by USC as a warehouse lead at USC's facility in Cleveland, Ohio until April 2021. (*Id.* at ¶ 9.) In her role, Bradshaw was responsible for ordering pallets for use in USC's warehouse and confirming that pallet deliveries received by USC were accurate. (*Id.* at ¶ 10.) Negron was employed by USC as a warehouse employee at the same facility until June 2020. (*Id.* at ¶ 11.) Plaintiff alleges that Negron was responsible for unloading pallet deliveries and confirming that pallet deliveries received by USC were accurate. (*Id.* at ¶ 12.)

Plaintiff alleges that from August 2014 through April 2021, Bradshaw, in her role as warehouse lead for USC, ordered hundreds of thousands of pallets from Rosen. (*Id.* at ¶ 13.) According to Plaintiff, the pallets that Bradshaw ordered were in excessive quantities and far more than USC needed. (*Id.* at ¶ 14.) Plaintiff alleges that Rosen delivered the pallets to USC's facility and provided fraudulent delivery tickets to Bradshaw and Negron at the time of delivery. (*Id.* at ¶ 15.) The fraudulent delivery tickets allegedly indicated that Rosen delivered far more pallets than he had actually delivered. (*Id.* at ¶ 15.) For example, the fraudulent delivery tickets would represent

---

[7] The Court recognizes that Negron has filed an Answer in the instant action that may dispute certain allegations in Plaintiff's Complaint. (*See* Doc. No. 13.) However, for the limited purpose of setting forth the factual background relevant to Plaintiff's Motion to establish Bradshaw's liability, the Court will accept the "[C]omplaint's factual allegations regarding liability … as true." *See Cantel Medical LLC v. Hall*, 2024 WL 3771805, at *2 (N.D. Ohio Aug. 13, 2024). Accordingly, any facts cited from Plaintiff's Complaint and referenced in this Opinion that contradict Negron's Answer do not constitute a final determination or admission of those facts by the Court with respect to Negron's liability.

that a full truckload of pallets was delivered, when in reality, Rosen delivered only a partial truckload or no pallets at all. (*Id.* at ¶ 16.)

Plaintiff contends that Bradshaw and Negron approved the fraudulent delivery tickets, thereby representing to USC that the number of pallets listed on the delivery ticket had been delivered. (*Id.* at ¶ 17.) Plaintiff asserts that based on Bradshaw and Negron's approvals, USC issued payments for pallets it never received. (*Id.* at ¶ 18.) Plaintiff submits that Rosen, upon receiving payment pursuant to the false delivery tickets, provided kickbacks to Bradshaw and Negron in the form of cash. (*Id.* at ¶ 19.)

Plaintiff asserts that on June 23, 2021, USC finally discovered the scheme after the Defendants had concealed it for several years. (*Id.* at ¶ 20.) Plaintiff contends that the Defendants' conduct caused damages of no less than $4,956,267, which the Defendants have not returned any portion of despite demand. (*Id.* at ¶¶ 21–22.) Pursuant to the Policy, Plaintiff indemnified Parkdale for the losses sustained. (*Id.* at ¶ 24.) As a result, Parkdale and USC assigned Plaintiff all the rights, claims, and causes of action that they had against the Defendants and others related to the Defendants' scheme, and Plaintiff has become subrogated to Parkdale and USC in seeking judgment against the Defendants, jointly and severally on Counts 1 through 4, for damages incurred. (*Id.* at ¶¶ 25–26.)

## II. Standard of Review

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Cantel Medical LLC v. Hall*, 2024 WL 3771805, at *2 (N.D. Ohio Aug. 13, 2024); *see also OLD REPUBLIC SURETY CO. v. T&A CONSTRUCTION, INC., et al.*, 2024 WL 4567262, at *2 (N.D. Ohio Oct. 24, 2024) ("[T]he Court

5

accepts as true any well-pleaded factual allegations in the complaint that do not go to the amount of damages."). Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009); *Cantel Medical LLC*, 2024 WL 3771805, at *2. To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Cantel Medical LLC*, 2024 WL 3771805, at *2; *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj*, 331 F. App'x at 354-55. An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *American Contractors Indemnity Company v. Envirocom Construction, Inc.*, 2024 WL 810559, at *3 (N.D. Ohio Feb. 27, 2024); *see also Schilling v. Interim Healthcare of the Upper Ohio Valley, Inc.*, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *P&G Health*, 2019 WL 358936, at *1.

### III. Analysis

#### A. Defendant Bradshaw's Liability

Upon review of the record in this case, the Court finds that default judgment is warranted. Bradshaw was duly served with proper summons and the Complaint but has failed to plead or otherwise defend. Bradshaw's failure to respond to the Complaint, entry of default, or Plaintiff's Motion has made it clear that she has no intention of defending this action. Based on the allegations in the Complaint, which the Court accepts as true, *see Zinganything, LLC v. Import Store*, 158 F.

Supp. 3d 668, 672 (N.D. Ohio 2016), and the averments in the Affidavit of Heather L. Leibowitz, appended to Plaintiff's Motion, the Court finds that Bradshaw is liable to Plaintiff for her conduct of approving fraudulent delivery tickets for pallets that were never delivered and receiving kickbacks in the form of cash. (*See* Doc. Nos. 1, 17-2.)

Plaintiff filed the instant lawsuit based on the alleged fraudulent scheme conducted by the Defendants. (*See generally* Doc. No. 1, Compl.) In relevant part, Bradshaw ordered hundreds of thousands of pallets from Rosen in excess quantities of the amount USC needed. (*Id.* at ¶¶ 13–14.) Despite Rosen consistently delivering either partial truckloads or no pallets at all, Bradshaw repeatedly approved fraudulent delivery tickets representing that the full amount of pallets had been delivered. (*Id.* at ¶¶ 15–17.) Based on these fraudulent delivery tickets, USC was deceived into issuing payments to Rosen for pallets that it never received, and Rosen subsequently provided Bradshaw with cash kickbacks from those payments. (*Id.* at ¶¶ 18–19.) Taking these facts as true, the Court finds that Plaintiff has established Bradshaw's liability.

### B. Damages and Costs

With liability established, the Court must determine the extent of the damages. The Court concludes an evidentiary hearing is not required as to the amount of the judgment. Plaintiff alleges that it suffered damages in the amount of $4,956,267. Plaintiff supports this amount with an affidavit from Heather L. Leibowitz, a product lead for National Union, who avers that she investigated the matter. (Doc. No. 17-2, PageID #79, ¶ 3.) Thereafter, this Court ordered Plaintiff to supplement its Motion with financial records or other supporting documentation substantiating its purported damages amount. (*See* ECF 9/24/2024 Entry.) Plaintiff subsequently filed a Supplemental Brief with an attached Loss Report prepared by Grant Thornton LLP—an outside forensic accounting firm hired

to investigate USC's claims and quantify the loss in this matter—containing a detailed forensic accounting analysis of Plaintiff's quantified loss. (Doc. No. 19-2.) The Loss Report concludes that Plaintiff's damages are estimated at $4,956,267. (*Id.* at PageID #107.) Upon review of all submitted documentation, the Court finds that the record demonstrates that Plaintiff is entitled to compensatory damages of $4,956,267 from Bradshaw.

Plaintiff also seeks costs of $405 for the filing of the Complaint in this matter. (Doc. No. 17, PageID #75.) Plaintiff's Counsel provides an Affidavit, appended to Plaintiff's Motion, in which he avers that Plaintiff incurred costs of $405 to file its complaint. (Doc. No. 17-3, PageID #83.) Upon review of Plaintiff's Counsel's Affidavit, the Court concludes that Plaintiff has established costs in the amount of $405.

### IV. Conclusion

Plaintiff's Motion for Entry of Default Judgment against Bradshaw is GRANTED. Default judgment is entered in Plaintiff's favor against Bradshaw, and Bradshaw is jointly and severally liable with her co-defendants on Counts 1 through 4 for any liability established by Plaintiff against them.[8] Bradshaw is ordered to repay Plaintiff $4,956,267 as compensatory damages and to pay an additional $405 as costs for the filing of Plaintiff's Complaint.

**IT IS SO ORDERED.**

                                                   *s/Pamela A. Barker*
                                                   PAMELA A. BARKER
Date: November 5, 2024                      U. S. DISTRICT JUDGE

---

[8] The Court notes that Bradshaw is only jointly and severally liable with her co-defendants for Counts 1 through 4 for any liability established by Plaintiff against them. Plaintiff did not allege joint and several liability for Count V, unjust enrichment. (Doc. No. 1, Compl. PageID #5–8.)