**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., as assignee and subrogee of Parkdale, Incorporated and U.S. Cotton, LLC,** | **CASE NO. 1:24-cv-00937-PAB** |
| | **JUDGE PAMELA A. BARKER** |
| **Plaintiff,** | |
| -vs- | |
| | **MEMORANDUM OPINION AND ORDER** |
| **REBECCA BRADSHAW, OMAR NEGRON and ANGEL DAVID ROSEN d/b/a AFFORDABLE PALLET,** | |
| **Defendants.** | |

This matter comes before the Court upon Defendant Omar Negron's ("Negron") Motion for Entry of Default Judgment ("Motion") (Doc. No. 67) against Defendant Angel David Rosen d/b/a Affordable Pallet ("Rosen") in relation to Negron's Crossclaim ("Crossclaim") (Doc. No. 13) against Rosen.  In his Crossclaim, Negron seeks indemnification and contribution from Defendant Rosen with respect to the damages sought by Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("Plaintiff" or "National Union") against Negron in its Complaint (Doc. No. 1), as well as any costs associated with Negron's Crossclaim.  (*See generally* Crossclaim at PageID #62–64.)  Negron now seeks default judgment against Rosen in the amount of $4,956,267.  (Motion at PageID #342.)  Rosen has not responded to Negron's Motion.  For the following reasons, Negron's Motion is GRANTED IN PART and DENIED IN PART.

I.      **Background**

    A.      **Procedural History[1]**

Plaintiff filed the instant action on May 29, 2024 against Defendants Bradshaw, Negron, and Rosen.  (Doc. No. 1.)  Plaintiff sets forth five claims in its Complaint:  Count 1, Fraud; Count 2, Conversion; Count 3, Breach of Fiduciary Duty; Count 4, Civil Conspiracy; and Count 5, Unjust Enrichment.  (*Id.* at ¶¶ 27–45.)  Plaintiff seeks judgment against the Defendants, jointly and severally on Counts 1 through 4 of the Complaint, for compensatory damages in the amount of $4,956,267, together with punitive damages, interest, costs, and all further relief that the Court determines to be appropriate.  (*Id.* at PageID #5–8.)

On May 30, 2024, the Clerk of Court issued the original summons to Plaintiff's counsel for service upon the Defendants.  (Doc. No. 3.)  On September 16, 2024, Plaintiff filed proof of service demonstrating that Rosen had been served with the summons and Complaint on September 13, 2024, by personal service at his residence.  (Doc. No. 16.)  Following the service on September 13, 2024, Rosen was required to file his Answer or otherwise respond to Plaintiff's Complaint by no later than October 4, 2024.  Fed. R. Civ. P. 12(a).  To date, no responsive pleading has been filed or served.

On October 9, 2024, Plaintiff applied for an entry of default against Rosen.  (Doc. No. 21.)  The same day, the Clerk entered default against Rosen.[2]  (Doc. No. 22.)  On October 22, 2024, Plaintiff filed a Motion for Entry of Default Judgment against Rosen.[3]  (Doc. No. 25.)  The Motion

---

[1] This Opinion does not set forth an exhaustive summary of all of the procedural history in this case, but instead sets forth a general overview of the relevant procedural history as necessary for resolution of the current Motion.

[2] A copy of the Default Entered was mailed to Rosen on October 23, 2024.  (*See* ECF 10/23/2024 Entry.)

[3] Plaintiff indicated that a copy of its Motion was mailed to Rosen via First Class Mail.  (Doc. No. 25 at PageID# 179.)

included an affidavit in which Affiant Heather L. Leibowitz, a product lead for National Union, averred that damages in the amount of $4,956,267 had been incurred.  (Doc. No. 25-3.)  The Motion also included the notification of claim submitted by its insured client U.S. Cotton, LLC ("USC") (Doc. No. 25-3 at PageID# 188), a forensic accounting report prepared by Grant Thornton LLP quantifying USC's loss ("Loss Report") (Doc. No. 25-3 at PageID# 190–207), and the assignment and release of rights between Plaintiff, USC, and USC's parent company, Parkdale, Incorporated ("Parkdale") (Doc. No. 25-3 at PageID# 209–11).  On December 3, 2024, the Court entered Default Judgment in favor of Plaintiff against Rosen in the amount of $4,956,267 as compensatory damages and an additional $405 as costs for the filing of Plaintiff's Complaint.  (Doc. No. 30.)

The Court now turns to Negron's Crossclaim.  On August 30, 2024, Negron filed his Crossclaims against Bradshaw and Rosen, seeking indemnification and contribution with respect to the damages sought by Plaintiff against Negron in Plaintiff's Complaint.  (Doc. No. 13.)  On December 11, 2024, Rosen was served with Negron's Crossclaim.  (Doc. No. 37.)  On February 3, 2025, the Court issued an Order to Show Cause indicating that Rosen was served with Negron's Crossclaim but had not responded to it, and ordered Negron to either submit an appropriate application for entry of default or show cause why his Crossclaim against Rosen should not be dismissed.  (Doc. No. 49.)

On March 5, 2025, Negron filed an Application to Clerk for Entry of Default against Rosen. (Doc. No. 54.)  On March 6, 2025, the Clerk entered default against Rosen as to Negron's Crossclaim. (Doc. No. 55.)  That same day, a copy of that Default was mailed to Rosen.  (*See* ECF 3/6/2025 Entry.)

3

On April 10, 2025, the Court issued another Order to Show Cause indicating that Default had been entered against Rosen as to Negron's Crossclaim, but that Negron had not filed a Motion for Default Judgment.  (Doc. No. 63.)  Therein, the Court ordered Negron to either file a motion for default judgment within thirty (30) days or show cause why his Crossclaim against Rosen should not be dismissed.  (*Id.*)  On May 9, 2025, Negron filed the instant Motion for Default Judgment against Rosen.  (Doc. No. 67.)  That same day, Negron sent a copy of the Motion to Rosen via U.S. mail. (*Id.* at PageID #344.)  To date, Rosen has not filed a response to Negron's Motion.

### B.      Allegations in Complaint and Crossclaim[4]

Plaintiff's Complaint sets forth the following allegations.  Plaintiff is an insurance company that issued a policy of insurance (the "Policy") to Parkdale in which Plaintiff agreed to insure Parkdale and its subsidiaries for losses sustained due to employee dishonesty.  (Doc. No. 1, Compl. at PageID #1, 4.)  USC is a subsidiary of Parkdale.  (*Id.* at PageID #2.)

Bradshaw was employed by USC as a warehouse lead at USC's facility in Cleveland, Ohio until April 2021.  (*Id.*)  In her role, Bradshaw was responsible for ordering pallets for use in USC's warehouse and confirming that pallet deliveries received by USC were accurate.  (*Id.*)  Negron was employed by USC as a warehouse employee at the same facility until June 2020.  (*Id.*)  Plaintiff alleges that Negron was responsible for unloading pallet deliveries and confirming that pallet deliveries received by USC were accurate.  (*Id.*)

---

[4] The Court recognizes that Negron has filed an Answer in the instant action that may dispute certain allegations in Plaintiff's Complaint.  (*See* Doc. No. 13.)  However, for the limited purpose of setting forth the background relevant to Negron's Motion, the Court will accept the "[C]omplaint's factual allegations regarding liability … as true."  *See Cantel Medical LLC v. Hall*, 2024 WL 3771805, at *2 (N.D. Ohio Aug. 13, 2024).  Accordingly, any facts cited from Plaintiff's Complaint and referenced in this Opinion that contradict Negron's Answer do not constitute a final determination or admission of those facts by the Court with respect to Negron's liability.  (*See also* Crossclaim, ¶ 5 ("Defendant Omar Negron incorporates the allegations of Plaintiffs' Complaint as if fully rewritten herein, not for admission of the truth, but only for the limited purpose of his crossclaim against Defendant Angel Rosen D/B/A Affordable Pallet.").)

Plaintiff alleges that from August 2014 through April 2021, Bradshaw, in her role as warehouse lead for USC, ordered hundreds of thousands of pallets from Rosen. (*Id.*)  According to Plaintiff, the pallets that Bradshaw ordered were in excessive quantities and far more than USC needed. (*Id.* at PageID #3.)  Plaintiff alleges that Rosen delivered the pallets to USC's facility and provided fraudulent delivery tickets to Bradshaw and Negron at the time of delivery. (*Id.*)  The fraudulent delivery tickets allegedly indicated that Rosen delivered far more pallets than he had actually delivered. (*Id.*)  For example, the fraudulent delivery tickets would represent that a full truckload of pallets was delivered, when in reality, Rosen delivered only a partial truckload or no pallets at all. (*Id.*)

Plaintiff contends that Bradshaw and Negron approved the fraudulent delivery tickets, thereby representing to USC that the number of pallets listed on the delivery ticket had been delivered. (*Id.*) Plaintiff asserts that based on Bradshaw and Negron's approvals, USC issued payments for pallets it never received. (*Id.*)  Plaintiff submits that Rosen, upon receiving payment pursuant to the false delivery tickets, provided kickbacks to Bradshaw and Negron in the form of cash. (*Id.*)

Plaintiff asserts that on June 23, 2021, USC finally discovered the scheme after the Defendants had concealed it for several years. (*Id.*)  Plaintiff contends that the Defendants' conduct caused damages of no less than $4,956,267, and the Defendants have not returned any portion thereof of despite demand. (*Id.*)  Pursuant to the Policy, Plaintiff indemnified Parkdale for the losses sustained. (*Id.* at PageID #4.)  As a result, Parkdale and USC assigned Plaintiff all the rights, claims, and causes of action that they had against the Defendants and others related to the Defendants' scheme, and Plaintiff has become subrogated to Parkdale and USC in seeking judgment against the Defendants, jointly and severally on Counts 1 through 4, for damages incurred. (*Id.*)

5

Negron's Crossclaim against Rosen sets forth the following allegations.  Negron denies all involvement in, and knowledge of, all alleged schemes and unlawful conduct asserted in Plaintiff's Complaint.  (Crossclaim, Doc. No. 13 at PageID #65.)  Negron alleges that Rosen is the party liable for damages, if any, as set forth in Plaintiff's Complaint and sought by Plaintiff in its Complaint. (*Id.*)

According to Negron, he "had no knowledge of any alleged schemes and/or alleged wrongful conduct at all times during the alleged wrongful conduct set forth in Plaintiff's Complaint," and that he was "employed to unload trucks" and relied on Rosen to adhere to accurate and lawful business practices.  (*Id.* at PageID #65–66.)  Negron "denies all involvement in, and knowledge of, the alleged schemes and unlawful conduct asserted in Plaintiff's Complaint" and alleges that he "was not aware of and did not engage in any unlawful conduct or any conduct which gives rise to Plaintiff's five causes of action against him."  (*Id.* at PageID #65.)  Accordingly, Negron "requests a judgment and order for indemnification and/or a judgment and order for contribution against Defendant Rosen as to Defendant Omar Negron," and that "any liability for the purported wrongdoing must be indemnified by Defendant Rosen."  (*Id.* at PageID #66–67.)

## II.    Standard of Review

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven."  *Cantel Medical LLC v. Hall*, 2024 WL 3771805, at *2 (N.D. Ohio Aug. 13, 2024); *see also OLD REPUBLIC SURETY CO. v. T&A CONSTRUCTION, INC., et al.*, 2024 WL 4567262, at *2 (N.D. Ohio Oct. 24, 2024) ("[T]he Court accepts as true any well-pleaded factual allegations in the complaint that do not go to the amount of

damages."). Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009); *Cantel Medical LLC*, 2024 WL 3771805, at *2. To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Cantel Medical LLC*, 2024 WL 3771805, at *2; *Mill's Pride, L.P. v. W.D. Miller Enters., LLC*, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj*, 331 F. App'x at 354-55. An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it. *HICA Educ. Loan Corp. v. Jones*, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *American Contractors Indemnity Company v. Envirocom Construction, Inc.*, 2024 WL 810559, at *3 (N.D. Ohio Feb. 27, 2024); *see also Schilling v. Interim Healthcare of the Upper Ohio Valley, Inc.*, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *P&G Health*, 2019 WL 358936, at *1.

III.    **Analysis**

A.      **Defendant Rosen's Liability**

Upon review of the record in this case, the Court finds that default judgment is warranted. Rosen was duly served with proper summons and the Crossclaim but has failed to plead or otherwise defend. Rosen's failure to respond to the Crossclaim, entry of default, or Negron's Motion has made it clear that he has no intention of defending this action. Based on the allegations in the Crossclaim, which the Court accepts as true, *see Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016), and the averments in the Affidavit of Alexandra C. Eckrich, appended to Negron's

Motion, the Court finds that Rosen is liable to Negron for indemnification and contribution as to any amounts sought and proven by Plaintiff as set out in the Complaint based on Rosen's conduct of providing fraudulent delivery tickets for pallets that were never delivered and providing kickbacks in the form of cash. (*See* Doc. Nos. 1, 13, 17-2.)

Plaintiff filed the instant lawsuit based on the alleged fraudulent scheme conducted by the Defendants. (*See generally* Doc. No. 1, Compl.)  In relevant part, Bradshaw ordered hundreds of thousands of pallets from Rosen in excess quantities of the amount USC needed. (*Id.* at PageID #2–3.)  Despite Rosen consistently delivering either partial truckloads or no pallets at all, Bradshaw repeatedly approved fraudulent delivery tickets representing that the full amount of pallets had been delivered. (*Id.* at PageID #3.)  Based on these fraudulent delivery tickets, USC was deceived into issuing payments to Rosen for pallets that it never received, and Rosen subsequently provided Bradshaw with cash kickbacks from those payments. (*Id.*)

Negron had no knowledge of any alleged schemes and/or alleged wrongful conduct at all times during the alleged wrongful conduct set forth in Plaintiff's Complaint. (Crossclaim, Doc. No. 13 at PageID #66.)  Rather, Negron was employed to unload trucks and was not responsible for ensuring the accuracy of what he unloaded—he relied on Rosen to adhere to accurate and lawful business practices. (*Id.*)  Accordingly, Rosen is responsible for the alleged conduct contained in Plaintiff's Complaint, and any liability against Negron for Rosen's purported wrongdoing must be indemnified by Rosen. (*Id.* at PageID #66–67.)

Taking these facts as true for purposes of this Opinion,[5] the Court finds that Negron has established Rosen's liability.  Negron is thus entitled to indemnification and contribution from Rosen as to any amounts sought and proven by Plaintiff as set out in the Complaint.  (*Id.* at PageID #67.)

B.     **Damages and Costs**

With liability established, the Court must determine the extent of the damages.  The Court finds that a determination as to the amount of damages is premature.  In his Crossclaim, Negron seeks indemnification and contribution from Rosen as to any amounts sought and proven by Plaintiff as to Defendant Negron's liability.  (*Id.*)  However, Plaintiff has not yet proven any liability or damages against Negron.  Because Rosen is only liable to Negron in the amount that Negron is liable to Plaintiff—which has not yet been determined—it is not appropriate to order an exact amount of damages for indemnification and contribution at this stage.  *See, e.g.*, *Sinmier, LLC v. Everest Indemnity Ins. Co.*, 2021 WL 5961625, at \*2 (N.D. Ohio Dec. 16, 2021) (granting default judgment on liability for indemnification but finding that damages "cannot be determined until this matter has substantially concluded"); *BE&K Building Group, LLC v. Evergreen National Indemnity Co.*, Case No. 1:20-cv-00638, Doc. No. 53, at PageID #604 (N.D. Ohio Dec. 18, 2020) (granting default judgment on liability and ordering that "upon the resolution of the underlying dispute between [Plaintiff] and [Defendant/Third-Party Plaintiff] … [Third-Party Plaintiff] may apply pursuant to Rule 55 for default judgment against Third-Party Defendants … regarding the amount of damages").  Although Plaintiff has established liability against *Rosen* in the amount of $4,956,267, Plaintiff has

---

[5] The Court accepts the allegations set forth in Negron's Crossclaims as true for purposes of establishing Rosen's liability to Negron for indemnification and contribution.  However, the Court does not make any conclusive findings of fact regarding these allegations with respect to Plaintiff's claims against Negron as set forth in Plaintiff's Complaint.

not yet established any liability or damages amount against *Negron* such that Rosen would be responsible at this stage for indemnification or contribution of that exact damages amount.

Accordingly, the Court declines to issue an order of indemnification or contribution in the amount of $4,956,267 at this time.  Upon the resolution of the underlying dispute between Plaintiff and Negron, or upon further order of the Court, Negron may apply pursuant to Rule 55 for default judgment against Rosen regarding the amount of damages.

## IV.   Conclusion

Defendant Negron's Motion for Entry of Default Judgment against Rosen is GRANTED IN PART and DENIED IN PART.  Default judgment is entered in Negron's favor against Rosen, and Rosen is liable to Negron for indemnification and contribution for any liability established by Plaintiff against Negron.  Upon the resolution of the underlying dispute between Plaintiff and Negron, or upon further order of the Court, Negron may apply pursuant to Rule 55 for default judgment against Rosen regarding the amount of damages.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
Date:  June 18, 2025                    U. S. DISTRICT JUDGE